FILED
United States Court of Appeals
Tenth Circuit

July 8, 2026

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JOHN SHAPIRO,

    Plaintiff - Appellant,

v.

JOY CAMPANELLI,

    Defendant - Appellee.

No. 25-5183
(D.C. No. 4:25-CV-00679-SEH-CDL)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **McHUGH**, and **CARSON**, Circuit Judges.[**]

_____

Plaintiff John Shapiro filed a three-paragraph complaint against Defendant Joy Campanelli in the United States District Court for the Northern District of Oklahoma alleging only that "[u]pon information and belief, Defendant conspired with others, which violated Fourteenth Amendment Rights." Plaintiff demanded $1,000,000 and made a Rule 11 certification. The district court liberally construed Plaintiff's complaint as asserting a claim under 42 U.S.C. § 1983. But because Plaintiff's

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

complaint had no factual allegations to support a claim upon which relief may be granted, the district court dismissed the case without prejudice under 28 U.S.C. § 1915(e).  Plaintiff filed a one-sentence appeal without argument or authority stating, "District Court erred in dismissal before affording appellant an opportunity to amend."

"We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim."  Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007) (citing Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999)).  Such a dismissal is proper "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  Id. (citing Curley v. Perry, 246 F.3d 1276, 1281 (10th Cir. 2001)).  We review the decision to grant leave to amend for abuse of discretion but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion."  Foman v. Davis, 371 U.S. 178, 182 (1962).  We construe pro se pleadings liberally.  Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).

The district court dismissed the complaint without giving Plaintiff leave to amend.  Although the district court cited the correct legal standard that dismissal is proper only where it would be futile to give Plaintiff an opportunity to amend, it did not explain why allowing Plaintiff leave to amend in this case would be futile.

Undoubtedly Plaintiff's complaint as written fails to state a claim to relief that is plausible on its face.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Indeed, the one allegation in Plaintiff's complaint fails to allege how, when, and where Defendant violated his rights under the Fourteenth Amendment.  But the district court failed to explain why amendment could not cure these deficiencies.

We repeatedly have emphasized that pro se litigants must follow our rules of procedure, including Federal Rule of Appellate Procedure 28, which sets forth the level of detail we expect parties to meet in their briefs.  Garrett, 425 F.3d at 841 (quoting Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001)).  Indeed, we have said that a pro se brief consisting of mere conclusory allegations with no citations to the record or any legal authority for support does not preserve an issue for appeal. Id.  But here, Plaintiff's one-sentence appeal clearly identified an appealable issue. We admonish Plaintiff to carefully adhere to the Federal Rules of Appellate Procedure and the Tenth Circuit Local Rules in all future filings.

On remand, the district court should either permit Plaintiff to amend his complaint or explain why doing so would be futile.

REMANDED for further proceedings consistent with this opinion.

Entered for the Court


Joel M. Carson III
Circuit Judge

3